Boynton, O. J.
The principal question arising in the case is, whether the good-will of the business in which the plaintiff ■in error was engaged at the date of the contract sued on, constituted a part of her separate estate. That she, in terms, and for an entire consideration, sold her business and the good-will thereof, including her stock in trade, and of which business and stock she was sole owner, and engaged not to carry on the millinery and dress-making business in or near the town of Felicity, are both distinctly averred.
That she has engaged in said business in violation of said agreement is admitted. And it is not doubted that, had she been sole and unmarried when the contract was entered into, the stipulation not to re-engage in the business in the town of Felicity, or so near thereto as to interfere with the business, would have been perfectly valid. Lange v. Werk, 2 Ohio St. 519. But it is contended, that while she was the separate owner of the goods and business sold, that the good-will of such *522 business constituted no part of lier separate estate. The statute provides that, “ any personal property, including rights in action, belonging to any woman at her marriage, or which may have came to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property, and under her sole control.” 68 Ohio L. 48. This provision is very comprehensive. Its object was to cut ofE the common law rights of the husband to the personal estate of the wife, whether dioses in action or choses in possession, unless reduced to his possession with the express assent of t^e wife. 'That the good-will of a business is a species of personal property is well settled. In Wedderburn v. Wedderburn, 22 Beav. 84, it was said by the master of rolls, that “ The good-will of a trade, although inseparable from business, is an appreciable part of the assets of a concern, both in fact and in the estimation of a. court of equity.” Judge Story defines it as “ an advantage or benefit which is acquired by an establishment, beyond the mere value of the capital, stock, funds or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices.” Story on Part. § 99. In Bindley on Partnership, 842, the author, commenting on the meaning of the term good-will, says, that “ it is generally used to denote the benefit arising from connection and reputation, and its value is what can be got for the chance of being able to keep that connection and improve it. Upon the sale of an established business its good-will has a marketable value, whether the business is that of a professional man or of any other person.” In Smith v. Everett, 27 Beav. 446, Sir John Romilly says, “ I entertain no doubt that if persons carry on business and one of them dies, a share in the good-will, where it is of any value at all, forms part of the estate of the deceased part *523 nei\” These citations are sufficient to show that the good-will of a trade or business, when connected with it, is property. As was said in Wedderburn v. Wedderburn, supra, “ it is a portion of the subject-matter which produces profits.” It follows, therefore, that the good-will of the business sold by the plaintiff in error was as fully owned by her as a part of her separate ¡property, and as much the subject of sale, as was the stock of goods. This being so, the law gives the same remedy against her for the enforcement of the agreement as if she were unmarried. Section 28 of the code, as amended March 30, 1874, provides, that if a married woman be engaged as owner or partner in any mercantile or other business, and the cause of action grows out of, or concerns such business, she may sue and be sued alone ; and that in all cases where she may sue or be sued alone, the like proceedings shall be had, and the like judgment rendered and enforced, in all respects, as if she were an unmarried woman. Here the plaintiff in error was engaged in business as owner, and business of a mercantile character, and the cause of action grew out of such business. The rule of the statute therefore applies, that requires the same judgment to be given as if she were sole and unmarried. Patrick v. Littell, ante. That an injunction is the proper remedy in such case is settled by a uniform current of authority. Millington v. Foy, 3 Myl. & Cr. 338 ; Catt v. Tourle, L. R. 4 Ch. App. Cas. 654; Whittaker v. Howe, 3 Beav. 383 ; Hall v. Barrows, 33 L. J. Ch. 204; Harrison v. Gardner, 2 Mad. 198; Patridge v. Menck, 2 Barb. Ch. 101; Leake’s Digest of Law of Contracts, 1133. The consideration paid for the stock of goods and the good-will of the business was entire and indivisible, and the difficulty of ascertaining the extent of the injury, or the value of the goodwill of the business, has led courts of equity to interfere by injunction for the protection of this description of property, from a very early day. As was said in Leather Cloth Company, Limited, v. American Leather Cloth Company, Limited, 4 De G., J. & S. 136, “the court interferes by injunction, because that is the only mode by which property of this description can be effectually protected.” The right to relief in equity rests upon the inadequacy of the law to afford the *524 remedy necessary to protect the party in the enjoyment of the right about to be violated. The defendant in error having succeeded to the rights of the purchasers under the contract in suit, is, by the express terms of the contract, entitled to the benefit of the plaintiffs promise not to engage in the business, and is consequently entitled to the same relief that a court of equity would have afforded to those from whom her rights were acquired.

Judgment affirmed. t